UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., ) ) ) | |
| Appellant, ) ) | Civil Action No. 11-106-ART |
| v. ) ) ) | **MEMORANDUM OPINION &** |
| JAMES R. WESTENHOEFER, ) Trustee for the Estate of Tanya Epling, ) ) | **ORDER** |
| Appellee. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

"We do not inquire what the legislature meant; we ask only what the statute means."  Oliver Wendell Holmes, *Collected Legal Papers* 207 (1920), *quoted in Schwegmann Bros. v. Calvert Distillers Corp.*, 341 U.S. 384, 397 (1951) (Jackson, J., concurring).  But Appellant Vanderbilt Mortgage and Finance, Inc. claims otherwise. Vanderbilt argues that the words of the Kentucky statute governing the perfection of liens on mobile homes do not mean what they say.  R. 1.  And so, Vanderbilt asks this Court to reverse the bankruptcy court.  But Vanderbilt is wrong: the words do mean what they say, and this Court does not have the liberty to change them.  Therefore, the bankruptcy court's decision is affirmed.

## BACKGROUND

Neither party disputes the material facts of this case.  In April 2009, Tanya Epling (the Debtor) borrowed $42,069.09 from Vanderbilt Mortgage to finance a 2009 Giles Classic mobile home.  Epling lived in the mobile home at 1417 Cow

Creek Road, Salyersville, Kentucky, which is in Magoffin County. On April 20, 2009, Vanderbilt Mortgage filed its title lien statement in Bell County, Kentucky. The Kentucky Department of Vehicle Registration issued a title for the home, listing Vanderbilt's lien on the certificate of title. Vanderbilt then filed the certificate of title in Bell County.

On October 29, 2010, Epling filed for Chapter 7 bankruptcy, and Westenhoefer was appointed as trustee for her estate. Westenhoefer then filed an adversary proceeding on February 15, 2011, seeking to avoid Vanderbilt's lien on the property because, Westenhoefer claimed, Vanderbilt had not properly perfected its lien. *See* 11 U.S.C. § 544. Section 186A.190 of the Kentucky Revised Statute requires a creditor to file a title lien statement in the county in which the debtor resides in order to perfect its security interest. Since Vanderbilt failed to do this, its lien was not perfected. In making this finding, the bankruptcy court noted that § 186A.190 was "clear and unambiguous" that a creditor must file with the clerk of the county in which the debtor resides in order to perfect its interest. R. 1-2 at 3. As a result, the bankruptcy court ruled that Westenhoefer could avoid Vanderbilt's lien. *Id.*

### DISCUSSION

**I. Jurisdiction and Standard of Review**

Under 28 U.S.C. § 158(a), this Court has the jurisdiction to hear this appeal. The Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re Kennedy*, 249 F.3d 576, 579 (6th Cir. 2001).

## II. Kentucky's Statutory Requirements for Perfecting a Lien on a Mobile Home

The Kentucky Revised Statutes lay out a straightforward system for perfecting security interests in motor vehicles, including mobile homes. A creditor can perfect its security interest by making a notation on the vehicle's certificate of title, Ky. Rev. Stat. § 186A.190(1), and this notation must be "in accordance with this chapter." *Id.* The statute requires that the notation "be done in the office of the county clerk in which the debtor resides." Ky. Rev. Stat. § 186A.190(2). The debtor, Tanya Epling, lived in Magoffin County, Kentucky, but Vanderbilt Mortgage filed its lien statement with the clerk of Bell County, Kentucky.

In Kentucky, "the courts have a duty to accord statutory language its literal meaning unless to do so would lead to an absurd or wholly unreasonable result." *Holbrook v. Ky. Unemployment Ins. Comm'n*, 290 S.W.3d 81, 86 (Ky. App. 2009) (quoting *Ky. Unemployment Ins. Comm'n v. Jones*, 809 S.W.2d 715, 716 (Ky. App. 1991)). Moreover, Kentucky law requires courts to resolve any deficiency in the process of perfection against the creditor, *see PHH Mortgage Servs. v. Higgason*, 345 B.R. 584, 586 (E.D. Ky. 2006). Because Vanderbilt did not conform with clear the requirements of Kentucky Revised Statute § 186A.190, it did not properly perfect its lien and is an unsecured creditor. Since the trustee, Westenhoefer, has the status of a judicial lien creditor under 11 U.S.C. § 544(a), he has priority over Vanderbilt to Epling's one-half interest in the mobile home. 11 U.S.C. § 550**.**

## III. Vanderbilt's Interpretation of the Kentucky Statutes

Vanderbilt Mortgage is no stranger to a plain meaning interpretation of Ky. Rev. Stat. § 186A.190, as Vanderbilt has fought and lost on this issue before. *See*

*Palmer v. Vanderbilt Mortgage and Finance, Inc. (*In re *Walling)*, No. 10-51619, 2010 WL 5421148 (Bankr. E.D. Ky. Dec. 20, 2010); *See also Schlarman v. Fifth Third Bank (*In re *Sands)*, No. 07-21155, 2008 WL 4290949 (Bankr. E.D. Ky. Sept. 16, 2008) (reaching same conclusion). Nevertheless, Vanderbilt attempts to wiggle out of this straightforward reading of the statute. First, Vanderbilt argues that because its lien is noted on the certificate of title, the lien has been perfected. R. 6 at 12; *id.* at 17-19. Kentucky courts have held notation of a lien on the title certificate constitutes perfection, *see, e.g.*, *Johnson v. Branch Banking and Trust Co.*, 313 S.W.3d 557, 561 (Ky. 2010). But the problem for Vanderbilt is that § 186A.190(1) only makes a lien effective when it is noted on a certificate "in accordance with this chapter." The next section of the chapter, § 186A.190(2), lays out the additional requirement that the clerk of the county in which the debtor resides make that notation. Vanderbilt cites *Johnson*, but that case holds that "perfection of a vehicle lien does not occur until physical notation is made on the title *pursuant to KRS 186A.190*." 313 S.W.3d at 561 (emphasis added). When a clerk in a county which the debtor does not reside makes note of a lien on a certificate of title, the notation is not made "pursuant" to § 186A.190. That lien is therefore unperfected.

Other sections of chapter 186A do not change the plain meaning of § 186A.190. For instance, if a county clerk receives a title lien statement for a debtor residing in a different county, § 186A.195(3) requires the clerk to enter the correct county into the statewide motor vehicle registration system. Because the Bell County Clerk issued a certificate of title with Vanderbilt's lien on it, Vanderbilt argues that the clerk must have believed it was proper to issue a certificate, and by extension, that

4

it must have been correct for the clerk to do so. R. 6 at 13-14. But this too is mistaken. To err is human, and Kentucky's county clerks are no exception. A creditor can only perfect a lien by complying with the requirements of § 186A.190, and the failure of a county clerk to correct a lienholder's mistake does not change those requirements. *Cf. General Motors Acceptance Corp. v. Hodge*, 485 S.W.2d 894, 895 (Ky. App. 1972) (holding that a county clerk's failure to note an automobile finance company's lien on a registration receipt rendered that lien unenforceable).

Similarly, other sections of the Kentucky code that protect the interests of creditors do not alter the text of § 186A.190. Vanderbilt correctly notes that other sections of chapters 186 and 186A protect the holders of security interests in manufactured homes. *See* R. 6 at 14-15 (citing Ky. Rev. Stat. §§ 186.045(10); 186A.297; 186.045(7); 186A.190(3)). But even if it were clear that these provisions were part of a larger legislative scheme to protect the interests of secured lenders, this intent alone could not change the plain meaning of § 186A.190. Other portions of the code can help to resolve ambiguities, but when the text is clear, this Court has an obligation to "ascertain the intention of the legislature from the words used in enacting the statute rather than surmising what may have been intended but was not expressed." *Metzinger v. Ky. Retirement Sys.*, 299 S.W.3d 541, 546 (Ky. 2009) (quoting *Flying J Travel Plaza v. Commonwealth*, 928 S.W.2d 344, 347 (Ky. 1996)). Regardless of what the legislature may have intended, the text of § 186A.190 clearly requires the clerk of the county in which the debtor resides to note a lien on the certificate of title.

Kentucky's procedures for amending a certificate of title are likewise inapplicable in this case. Kentucky Revised Statute § 186A.240(1) requires the Department of Vehicle Registration to amend a certificate of title when it is "issued in error to a person not entitled to the certificate, or contains incorrect information or information has been omitted from the certificates." Vanderbilt contends that since the Department of Vehicle Registration did not cancel Epling's title, the title "remains effective unless and until the State acts." R. 6 at 21. This is true: Epling's title remains effective. But Vanderbilt has confused proof of ownership—that is, a valid title—with the perfection of a lien. Under § 186A.240, the Department of Vehicle Registration is only required to amend a title if the Department issues a title to the wrong person, the title contains wrong information, or the title lacks necessary information. None of those circumstances are present here. Epling's title does not contain wrong information; rather, Vanderbilt's lien on that title was filed in the wrong county. Incorrectly filed liens are not covered by § 186A.240, so there was no reason for the Department of Vehicle Registration to issue a correction.

The decisions of other federal courts considering similar statutes in other states are also inapplicable here. For instance, Vanderbilt cites *In re Mitchell*, 104 F. Supp. 969, 972 (N.D. Ohio 1952), which considered whether a lien remained valid on an improperly issued certificate of title. Ohio law explicitly preserved the validity of such liens, so the *Mitchell* court found "a clear legislative purpose to protect lienholders whose liens are otherwise valid." *Mitchell*, 104 F. Supp. at 972. But in this case, it is the lien notation, not the certificate of title, that does not comply with Kentucky's statutory requirements**.** *Mitchell* further noted that "[t]he duty imposed

6

upon the lienholder is that he present the instrument evidencing his lien to the clerk of courts of the county where the certificate of title was issued." *Mitchell*, 104 F. Supp. at 972. The lienholder in *Mitchell* satisfied this requirement of Ohio law. Vanderbilt, on the other hand, did not fulfill its obligation under Kentucky law to present its lien to the clerk of the county in which the debtor resided.

The other case Vanderbilt cites, *Loye v. Denver United States National Bank*, 341 F.2d 402, 404 (10th Cir. 1965), is also unpersuasive. *Loye* held that a bank perfected its lien on an automobile even when, contrary to Colorado's titling statute, the bank did not file its security interest in the county in which the debtor resided. As a first matter, a decision by the Tenth Circuit is not binding in the Eastern District of Kentucky. *See Cross Mountain Coal, Inc. v. Ward*, 93 F.2d 211, 217 (6th Cir. 1996). Moreover, the Colorado law at stake in *Loye* demanded only that creditors "substantially" comply with the statutory requirements to perfect their liens. *See Loye*, 341 F.2d at 405. A creditor that filed its lien in the wrong county might therefore still have been said to have "substantially complied" with the statute. By contrast, Kentucky Revised Statute § 186A.190 does not allow a creditor to perfect a lien through "substantial compliance" with the statutory requirements. It requires the county clerk of the county in which the debtor resides to note the lien on the certificate of title: no more and no less.

## IV. Vanderbilt's Constitutional Argument

Lastly, Vanderbilt argues that the bankruptcy court's ruling violated the Tenth Amendment to the U.S. Constitution because it encroached on Kentucky's scheme for registering and titling vehicles. But a federal court upholds, rather than disrupts,

7

Kentucky's statutory regime when it interprets a Kentucky law to mean what its words say. Federal bankruptcy courts apply state law to determine if a creditor has perfected a security interest, *see, e.g.*, *Stellwagen v. Clum*, 263 U.S. 605, 613 (1918), and that is what the bankruptcy court and this Court have done. Vanderbilt did not perfect its security interest in Epling's mobile home, so the bankruptcy court was correct to rule that Westenhoefer has priority over Vanderbilt.

## CONCLUSION

Accordingly, the decision of the Bankruptcy Court, R. 1, is **AFFIRMED**.

This the 19th day of September, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge